IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**CHARLTON A. HORTON, JR.,**
       **Petitioner,**

**v.**                                                          **Civil Action No. 3:18-CV-103**
                                                                     **(GROH)**

**RALPH TERRY, Warden,**
       **Respondent.**

## REPORT AND RECOMMENDATION[1]

### I. Introduction

On July 2, 2018, Petitioner, an inmate at Mount Olive Correctional Complex, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. 1. The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Prisoner Litigation Procedure ("LR PL P") 2.

### II. Procedural History

**A. Conviction and Sentence**

Petitioner and a co-defendant were each found guilty of first degree murder by separate juries in the Circuit Court of Mineral County, West Virginia, on September 12, 1995, and October 4, 1995, respectively. ECF No. 1 at 1 – 2, see State v. Horton, 203 W. Va. 9. On October 4, 1995, Petitioner was sentenced to life imprisonment without mercy. ECF No. 1 at 1.

---

[1] Unless otherwise noted, all ECF Numbers cited herein refer to the instant case, Case No. 3:18-CV-103, available on PACER.

**B. Direct Appeal**

On October 4, 1997, both co-defendants' direct appeals were consolidated by the West Virginia Supreme Court of Appeals ("WVSCA"). Horton, 203 W. Va. at 12. In his direct appeal Petitioner challenged the trial court's rulings on the admission of evidence and instructions to the jury. Specifically, Petitioner asserted that the circuit court erred when it: (1) admitted evidence seized without Petitioner's consent and when it admitted the results of scientific tests conducted on that evidence; (2) admitted Petitioner's oral statements; (3) denied Petitioner's motion for change of venue; (4) admitted a gruesome videotape or photo of the crime scene, including the decedent's body; (5) admitted his co-defendant's statement into evidence and allowed his co-defendant to appear before the jury and invoke his right to remain silent; (6) admitted comments made by the prosecutor during argument; (7) admitted testimony that Petitioner had been seen prior to the crime throwing snowballs at police; (8) failed to give a proper "elements" instruction on the offense charged; and (9) failed to give a proper "inference" instruction regarding a deadly weapon. Id. at 14 – 21. On June 22, 1998, The WVSCA affirmed the judgment of the circuit court. Id. at 21.

**C. First State Habeas Petition**

On August 29, 2005, Petitioner filed his first petition for habeas corpus relief in the Circuit Court of Mineral County.[2] Petitioner asserted his Constitutional rights were violated by the trial court, which erred when it: (1) denied his motion to suppress evidence and statements; (2) permitted the prosecutor to inform the jury that Petitioner would not provide a written statement to police; (3) admitted into evidence his co-

---

[2] Petitioner's first state habeas petition was filed as 05-C-90.

defendant's statement to police; (4) denied his motions for a new trial and a judgment of acquittal; (5) denied him effective assistance of counsel; (6) denied his motion for a change of venue; (7) required him to wear a stun belt during the trial; (8) did not instruct the jury on the elements of the charge; (9) allowed introduction of 404(b) evidence; (10) admitted gruesome photographs into evidence; (11) allowed the State to introduce photographs into evidence without properly notifying the defense; (12) permitted his co-defendant to invoke his right to remain silent; (13) denied his motion for a judgment of acquittal; and (14) committed cumulative error.  ECF No. 1 at 3 – 4.  This petition was dismissed/denied on March 9, 2006, and his appeal to the WVSCA was refused on December 6, 2006.  Id. at 4, 12.

### D. Second State Habeas Petition

On July 19, 2006, Petitioner filed his second petition for habeas corpus relief in the Mineral County Circuit Court.[3]  Horton v. Ballard, No. 16-1084, 2017 WL 4712488, at *1 (W.Va. October 20, 2017).  There, Petitioner claimed that "DNA evidence proves Petitioner did not commit the crime for which he was convicted, and Serologist Myers falsified evidence and committed misconduct in criminal prosecutions."[4]  ECF No. 1 at 4.  The circuit court dismissed/denied the petition.  Id. at 4.

Petitioner appealed to the WVSCA, where he asserted that the circuit court erred when it: (1) "fail[ed] to grant him habeas relief," contending "that Trooper Myers presented false serology evidence at trial"; (2) failed to review the serology evidence with sufficient scrutiny and failed to draft a comprehensive order with enough detail; (3)

---

[3] Petitioner's second state habeas petition was filed as 06-C-75.

[4] The Court omits some capitalization made by Petitioner in his original document, but the text is otherwise quoted.

3

denied his request for additional DNA testing; and (4) failed to timely hear his petition. ECF No. 16-6 at 1. The WVSCA affirmed the circuit court's denial of habeas relief. Horton, 2017 WL 4712488.

In denying the Petitioner's habeas corpus with regard to Petitioner's first claim concerning allegedly false serology evidence, the WVSCA found that a prisoner must show the necessity of a new trial under the five factor test set forth in State v. Frazier, 162 W.Va. 935, 253 S.E.2d 534 (W.Va 1979) in order to obtain a new trial under Zain III.[5] Horton, 2017 WL 4712488, at *2 – 3. This five factor test requires:

> (1) The evidence must appear to have been discovered since the trial, and, from the affidavit of the new witness, what such evidence will be, or its absence satisfactorily explained. (2) It must appear from facts stated in his affidavit that plaintiff was diligent in ascertaining and securing his evidence, and that the new evidence is such that due diligence would not have secured it before the verdict. (3) Such evidence must be new and material, and not merely cumulative; and cumulative evidence is additional evidence of the same kind to the same point. (4) The evidence must be such as ought to produce an opposite result at a second trial on the merits. (5) And the new trial will generally be refused when the sole object of the new evidence is to discredit or impeach a witness on the opposite side.

Frazier, 253 S.E.2d at 534 – 35 (W.Va 1979).

The WVSCA held that Petitioner failed to satisfy the first prong of the Frazier test, as he failed to show that the evidence presented by the State was fabricated or contaminated or that testing was invalid or unreliable. Horton, 2017 WL 4712488, at *4 Further, the WVSCA held that any evidence of wrongdoing was addressed during the trial, and not discovered after the trial, because the State Trooper was cross-examined

---

[5] In re Renewed Investigation of State Police Crime Laboratory, Serology Division ("Zain III"), 219 W.Va 408, 633 SE.2d 762 (2006).

4

with regard to allegations of wrong-doing in DNA testing related to Zain I and Zain II. Id. at 5. Further, the court noted that Petitioner failed to satisfy the fourth prong on the Frazier test. Id. Even if Petitioner could show that the serological evidence was false or tainted, an opposite result would not be guaranteed because of other evidence that was presented at trial. Id.

In regard to Petitioner's second ground for relief—that the circuit court failed to review the serology evidence with sufficient scrutiny and failed to draft a comprehensive detailed order—the WVSCA found that the circuit court's order was adequate and resolved the issues presented, and that Petitioner's second ground for relief was "without merit." Id. at 6.

In regard to Petitioner's third claim—that the circuit court erred in denying DNA testing—the WVSCA found that although Petitioner had a right to request DNA testing, he did not have an automatic right to have such testing performed. Id. Moreover, Petitioner failed to demonstrate that DNA testing would result in an opposite result, or that the testing was falsified, unreliable, or invalid. Id. at 7.

In regard to Petitioner's fourth claim—that the circuit court failed to timely hear his petition—the WVSCA found that Petitioner's claim was without merit. The court held that although the circuit court was required to hear Petitioner's challenge "in as timely a manner as is reasonably possible" pursuant to Zain III, Petitioner failed to produce evidence that the State or the court caused the delay, or that he was prejudiced by any delay. Id. (quoting Zain III, 633 S.E.2d at 764). Id. The WVSCA further found that if any error did occur it was harmless. Id.

### E. Instant Federal Habeas Petition

In his § 2254 petition, Petitioner asserts seven grounds for relief: (1) DNA testing would prove his innocence, and serological evidence was falsified at his trial [ECF No. 1 at 5]; (2) his due process rights were violated when the circuit court inordinately delayed consideration of his petition for habeas corpus [Id. at 7]; (3) the WVSCA failed to grant his motion for post-conviction DNA testing [Id. at 9]; (4) the circuit court erred in admitting both physical evidence and statements by Petitioner [Id. at 11]; (5) the trial court erred in allowing the prosecutor to inform the jury that Petitioner had exercised his right against self-incrimination [ECF No. 1-1 at 1]; (6) that he received ineffective assistance of counsel [Id.]; and (7) the trial court improperly instructed the jury on the elements of the charge [Id.].

### III. Legal Standard

The provisions of 28 U.S.C. § 2254 must be examined to determine whether habeas relief is proper.  28 U.S.C. § 2254 requires a district court to entertain a petition for habeas corpus relief from a prisoner in State custody, but "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(d).

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>  (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2); see also Williams v. Taylor, 529 U.S. 362 (2000).

A petitioner can only seek § 2254 relief if he has exhausted the remedies available in state court, the corrective process is not available in state court, or the state process is ineffective to protect the petitioner. 28 U.S.C. § 2254(b).

The Fourth Circuit Court of Appeals has determined that "the phrase 'adjudication on the merits' in section 2254(d) excludes only claims that were not raised in state court, and not claims that were decided in state court, albeit in a summary fashion." Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir. 1999). When a state court summarily rejects a claim and does not set forth its reasoning, the federal court independently reviews the record and clearly established Supreme Court law. Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000), cert. denied, 524 U.S. 830 (2001) (quoting Bacon v. Lee, 225 F.3d 470, 478 (4th Cir. 2000)). However, the court must still "confine [it's] review to whether the court's determination 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Id. at 158.

A federal habeas court may grant relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or decides a case differently that this Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 364 – 65. A federal court may grant a habeas writ under the "unreasonable application" clause, "if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 365. "An unreasonable application of federal law is different from an incorrect application of federal law." Id.

When a Petitioner challenges the factual determination made by a state court, federal habeas relief is available only if the state court's decision to deny post-conviction relief was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2). In reviewing a state court's ruling on post-conviction relief, we are mindful that 'a determination on a factual issue made by a State court shall be presumed correct,' and the burden is on the petitioner to rebut this presumption 'by clear and convincing evidence.'" Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003).

However, habeas corpus relief is not warranted unless the constitutional trial error had a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); Richmond v. Polk, 375 F.3d 309 (4th Cir. 2004). "Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" Brecht, supra.

## IV. Analysis

Petitioner's seven grounds for relief raised herein have all previously been adjudicated by the Circuit Court of Mineral County and the WVSCA. ECF No. 1. The State's findings of fact and law are due the appropriate deference. Petitioner has not demonstrated that those state court proceedings were contrary to federal law, or that they were a result of the misapplication of federal law. Accordingly, Petitioner has failed to satisfy 28 U.S.C. § 2254(d)(1). Petitioner has also failed to demonstrate that the state court proceedings resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court

proceeding. Accordingly, as Petitioner has failed to satisfy 28 U.S.C. §§ 2254 (d)(1) or (d)(2), and his writ of habeas corpus must be denied.

### A. Petitioner's First Claim

A review of the record shows the state court's adjudication of Petitioner's first claim regarding misrepresentation of serology testing was not contrary to clearly established federal law, nor was it an unreasonable application of federal law. The additional state habeas procedures described in Zain III cannot provide grounds for relief under § 2254, as they are not based upon federal law or federal constitutional requirements. There is no federal constitutional requirement that a state must provide an avenue for post-conviction relief imposed in the state court. Relief from alleged infirmities in state post-conviction collateral proceedings is not cognizable in federal habeas corpus proceedings. See Pennsylvania v. Finley, 481 U.S. 551 (1987); Greer v. Mitchell, 264, F.3d 663, 681 (6th Cir. 2001) (holding "[T]he Supreme Court has held that states have no constitutional obligation to provide post-conviction remedies).

While Petitioner does not specifically name any constitutional infirmities in any of the three Zain cases, if he had done so, the Fourth Circuit has already found that the WVSCA set forth the proper standard in reviewing Zain/serology claims. In Ward v. Trent, 188 F.3d 505 (4th Cir. 1999), the Fourth Circuit held:

> the [Zain] court properly recognized the constitutional significance of the issue, noting that it is a violation of due process for the state to convict a defendant based on false evidence. Drawing from Supreme Court precedent in Napue, Giglio, and Brady, the West Virginia Supreme Court of Appeals determined that . . . The State must bear the responsibility for the false evidence. The law forbids the State from obtaining a conviction based on false evidence. The court then properly recognized that a conviction obtained on the basis of false evidence will be set aside only

9

> if it is shown that the false evidence had a material effect on the jury verdict.

Id. at *4 (internal citations omitted).  Petitioner has not provided any evidence that the serological evidence in his case was false.  As the WVSCA noted, even if he did, Petitioner has not shown that any other result would have occurred because of the other evidence presented in his trial.  Horton v. Ballard, No. 16-1084, 2017 WL 4712488, at *5 (W.Va. October 20, 2017).  Moreover, The WVSCA "may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Markley v. Coleman, 215 W.Va 729, n. 11 at 735 (2004) (quoting Syllabus Point 3, Barnett v. Wolfolk, 149 W.Va. 246 (1965)) (emphasis added).  In Petitioner's second state habeas corpus proceeding, the WVSCA found that an acquittal was not assured even if the serological evidence presented in Petitioner's trial were false.  It is not the role of this Court to act as an appellate court for the WVSCA on habeas corpus review.

As this first claim was adjudicated on the merits in state court proceedings, to succeed in a § 2254 claim Petitioner must satisfy either §§ 2254(d)(1) or (d)(2). Because Petitioner has not demonstrated that any state court adjudication resulted in a decision contrary to clearly established federal law or that the state court misapplied clearly established federal law, Petitioner fails to satisfy § 2254(d)(1).  Because Petitioner has also failed to show that any state court adjudication resulted in a decision that was based on an unreasonable determination of the facts, Petitioner has failed to satisfy § 2254(d)(2).  As Petitioner has failed to satisfy either §§ 2254(d)(1) or (d)(2), his first claim is without merit under § 2254, and must be denied.

### B. Petitioner's Second Claim

Petitioner claims that the WVSCA was plainly wrong when it dismissed his claim that the circuit court failed to hear his petition in a timely manner. The WVSCA held that Petitioner failed to produce evidence that the State or the court caused the delay, or that he was prejudiced by any such delay. Petitioner does not set forth any factual or legal argument in support of his claim that the WVSCA was plainly wrong. Also, it appears as if the Petitioner would like this Court to act as an appellate court to the WVSCA. As noted above, that is not the purpose of this Court on federal habeas review.

As this second claim was adjudicated on the merits in state court proceedings, to succeed in a § 2254 claim Petitioner must satisfy either §§ 2254(d)(1) or (d)(2). Because Petitioner has not demonstrated that any state court adjudication resulted in a decision contrary to clearly established federal law or that the state court misapplied clearly established federal law, Petitioner fails to satisfy § 2254(d)(1). Because Petitioner has also failed to show that any state court adjudication resulted in a decision that was based on an unreasonable determination of the facts, Petitioner has failed to satisfy § 2254(d)(2). As Petitioner has failed to satisfy either §§ 2254(d)(1) or (d)(2), his second claim is without merit under § 2254, and must be denied.

### C. Petitioner's Third Claim

Petitioner asserts that the WVSCA failed to grant him additional DNA testing, in violation of W.Va. Code § 15-2B-14. The WVSCA explained that to receive additional DNA testing, the test must be likely to produce an opposite result. Horton v. Ballard, 2017 WL 4712488, at *6 (W.Va. October 20, 2017). However, defendants do not have an absolute right to have additional testing conducted. Id. W.Va Code § 15-2B-14(f)

established a nine-part test a petitioner must meet in order to have the testing performed, and the WVSCA held that Petitioner failed to "demonstrate that the evidence sought to be tested would likely produce an opposite result" as required by W.Va Code § 15-2B-14(f)(5). Horton, 2017 WL 4712488 at *7.

As this third claim was adjudicated on the merits in state court proceedings, to succeed in a § 2254 claim Petitioner must satisfy either §§ 2254(d)(1) or (d)(2). Because Petitioner has not demonstrated that any state court adjudication resulted in a decision contrary to clearly established federal law or that the state court misapplied clearly established federal law, Petitioner fails to satisfy § 2254(d)(1). Because Petitioner has also failed to show that any state court adjudication resulted in a decision that was based on an unreasonable determination of the facts, Petitioner has failed to satisfy § 2254(d)(2). As Petitioner has failed to satisfy either §§ 2254(d)(1) or (d)(2), his third claim is without merit under § 2254, and must be denied.

### D. Petitioner's Fourth Claim

Petitioner asserts that the circuit court erred in admitting both physical evidence and statements by Petitioner. Such issues are properly raised on direct appeal, not in a habeas corpus proceeding. Moreover, Petitioner already raised these issues on direct appeal, where they were denied. State v. Horton, 203 W. Va. 9. As to his claim that physical evidence was impermissibly admitted, the WVSCA found that "the appellant[ ] . . . willingly gave [his] clothing to Lieutenant Roy." Id. at 17. With regard to his claim that his statements were impermissibly admitted, the WVSCA found that Petitioner's statements were not involuntary, this was not his first time being questioned by police, he had been properly Mirandized, he signed a waiver before questioning the first time,

and he agreed to answer questions without signing a waiver after being Mirandized a second time. Id. It appears that Petitioner again asks this Court to act as an appellate court to the WVSCA, which is not appropriate on federal habeas review.

As this fourth claim was adjudicated on the merits in state court proceedings, to succeed in a § 2254 claim Petitioner must satisfy either §§ 2254(d)(1) or (d)(2). Because Petitioner has not demonstrated that any state court adjudication resulted in a decision contrary to clearly established federal law or that the state court misapplied clearly established federal law, Petitioner fails to satisfy § 2254(d)(1). Because Petitioner has also failed to show that any state court adjudication resulted in a decision that was based on an unreasonable determination of the facts, Petitioner has failed to satisfy § 2254(d)(2). As Petitioner has failed to satisfy either §§ 2254(d)(1) or (d)(2), his fourth claim is without merit under § 2254, and must be denied.

### E. Petitioner's Fifth Claim

Petitioner asserts that the prosecutor violated his right against self-incrimination. ECF No. 1-1 at 1. Petitioner claims that the prosecutor told the jury that he did not provide the State with a written statement. Id. The WVSCA dismissed this ground because Petitioner failed to properly and timely object to the prosecutor's statement, and "[f]ailure to make timely and proper objection to remarks of counsel made in the presence of the jury, during the trial of a case, constitutes a waiver of the right to raise the question thereafter." Horton, 203 W.Va. at 21 (quoting Syl. Pt. 7, State v. Cirullo, 142 W.Va. 261 (1956)).

Notwithstanding Petitioner's failure to timely and properly object to the prosecutor's statements, Petitioner could be entitled to relief if he can demonstrate

13

"plain error." "Plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52(b). Plain error review involves four steps: (1) there must be an error defect that has not been intentionally relinquished or abandoned; (2) the error must be clear or obvious; (3) The error must affect Petitioner's substantial rights; and (4) an appellate court has the discretion to remedy the error, which should only be done if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." Puckett v. United States, 556 U.S. 129, 135 (2009) (quoting United States v. Olano, 507 U.S. 725, 736 (1993)). Aside from asserting that the prosecutor violated his rights, Petitioner fails to assert why such a violation would satisfy any of the four prongs of plain error review in order to grant an appellate court discretion to remedy the violation.

Further, in certain instances, the Supreme Court has held that a prosecutor may permissibly reference a defendant's refusal to provide a statement. Lockett v. Ohio, 438 U.S. 586, 594 – 595 (1978). Aside from asserting that the prosecutor violated his right against self-incrimination, Petitioner fails to assert why such a statement by the prosecutor was impermissible in light of Lockett.

As this fifth claim was adjudicated on the merits in state court proceedings, to succeed in a § 2254 claim Petitioner must satisfy either §§ 2254(d)(1) or (d)(2). Because Petitioner has not demonstrated that any state court adjudication resulted in a decision contrary to clearly established federal law or that the state court misapplied clearly established federal law, Petitioner fails to satisfy § 2254(d)(1). Because Petitioner has also failed to show that any state court adjudication resulted in a decision that was based on an unreasonable determination of the facts, Petitioner has failed to

satisfy § 2254(d)(2). As Petitioner has failed to satisfy either §§ 2254(d)(1) or (d)(2), his fifth claim is without merit under § 2254, and must be denied.

### F. Petitioner's Sixth Claim

Petitioner alleges that he received ineffective assistance of Counsel. ECF No. 1-1 at 1. Under clearly established federal law, to demonstrate ineffective assistance of counsel, counsel's conduct is evaluated in the two-part test outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, Petitioner must show that counsel's performance fell below an objective standard of reasonableness. Id. In reviewing the reasonableness of counsel, "judicial scrutiny must be highly deferential." Id. at 689. Second, if the Court finds that counsel's performance was unreasonable, Petitioner must then demonstrate that he was prejudiced as a result of that performance. Id. at 687. To demonstrate such prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 669. A reasonable probability is one that is "sufficient to undermine confidence in the outcome." Id.

Petitioner alleges that he received ineffective assistance of counsel because trial counsel did not (1) object to certain issues during trial; (2) move for a mistrial; or (3) raise the fourteen grounds that petitioner raised in his first state habeas petition. ECF No. 1-1 at 1. It is not the purpose of this Court to engage in 20/20 hindsight to second-guess trial strategies. See Strickland, 466 U.S. 668, 680 (1984). The fact that Petitioner believes that trial counsel should have made certain objections or motions does not mean that trial counsel was required to do so. An unsuccessful defense counsel is not necessarily an ineffective one. See Id. at, 690. Even if this Court found

15

that counsel was ineffective in some aspect to satisfy the first part of the Strickland test, Petitioner has failed to demonstrate a reasonable probability of a different outcome, and therefore has failed to demonstrate any prejudice as a result thereof. Accordingly, he has failed the second part of the Strickland test.

As this sixth claim was adjudicated on the merits in state court proceedings, to succeed in a § 2254 claim Petitioner must satisfy either §§ 2254(d)(1) or (d)(2). Because Petitioner has not demonstrated that any state court adjudication resulted in a decision contrary to clearly established federal law or that the state court misapplied clearly established federal law, Petitioner fails to satisfy § 2254(d)(1). Because Petitioner has also failed to show that any state court adjudication resulted in a decision that was based on an unreasonable determination of the facts, Petitioner has failed to satisfy § 2254(d)(2). As Petitioner has failed to satisfy either §§ 2254(d)(1) or (d)(2), his sixth claim is without merit under § 2254, and must be denied.

### G. Petitioner's Seventh Claim

Petitioner alleges that the trial court erred in the elements instruction provided to the jury. ECF No. 1-1 at 1. The WVSCA dismissed this ground because Petitioner failed to properly and timely object, and "[f]ailure to make timely and proper objection . . . constitutes a waiver of the right to raise the question thereafter." Horton, 203 W.Va. at 21 (quoting Syl. Pt. 7, State v. Cirullo, 142 W.Va. 261 (1956)). As noted above, it is not the role of this court to act as an appellate court to the West Virginia courts, and this does not change simply because the WVSCA refused Petitioner's appeal.

Failure to object to jury instruction in accordance with Rule 30 of the Federal Rules of Criminal Procedure precludes appellate review. Fed. R. Crim. P. 30(d). The

exception to this rule is that "plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52(b). Plain error review involves four steps: (1) there must be an error defect that has not been intentionally relinquished or abandoned; (2) the error must be clear or obvious; (3) The error must affect Petitioner's substantial rights; and (4) an appellate court has the discretion to remedy the error, which should only be done if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." Puckett v. United States, 556 U.S. 129, 135 (2009) (quoting United States v. Olano, 507 U.S. 725, 736 (1993)). Aside from asserting that the trial court erred, Petitioner fails to assert why such an error satisfies any of the four prongs of plain error review in order to grant an appellate court discretion to remedy the error.

As this seventh claim was adjudicated on the merits in state court proceedings, to succeed in a § 2254 claim Petitioner must satisfy either §§ 2254(d)(1) or (d)(2). Because Petitioner has not demonstrated that any state court adjudication resulted in a decision contrary to clearly established federal law or that the state court misapplied clearly established federal law, Petitioner fails to satisfy § 2254(d)(1). Because Petitioner has also failed to show that any state court adjudication resulted in a decision that was based on an unreasonable determination of the facts, Petitioner has failed to satisfy § 2254(d)(2). As Petitioner has failed to satisfy either §§ 2254(d)(1) or (d)(2), his seventh claim is without merit under § 2254, and must be denied.

In sum, because Petitioner has not demonstrated that any of his seven claims regarding the state court's adjudication of his case resulted in a decision contrary to clearly established federal law or that the state court misapplied clearly established

federal law, Petitioner fails to satisfy § 2254(d)(1) as to any of his claims. Because Petitioner has also failed to show that any of his seven claims regarding the state courts adjudication of his case resulted in a decision that was based on an unreasonable determination of the facts, Petitioner has failed to satisfy § 2254(d)(2) as to any of his claims. As Petitioner fails to satisfy either §§ 2254(d)(1) or (d)(2), all seven claims are without merit under § 2254, and must be denied.

## V. RECOMMENDATION

For the reasons set forth in this Opinion, it is recommended that the petitioner's § 2254 petition be **DENIED** on the merits and **DISMISSED WITH PREJUDICE**.

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 104 S.Ct 2393 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: July 18, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE