# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**CHARLTON A. HORTON, JR.**,

    Petitioner,

v.                                                                            **CIVIL ACTION NO.: 3:18-CV-103 (GROH)**

**RALPH TERRY, Warden**,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. ECF No. 17. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R on July 18, 2019. In his R&R, Magistrate Judge Trumble recommends that the Petitioner's § 2254 petition [ECF No. 1] be denied and dismissed with prejudice.

### I. BACKGROUND

Upon review of the record, the Court finds that the facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Petitioner's claims. The Court incorporates those facts herein. However, outlined below are the most relevant facts of this case.

On July 2, 2018, the Petitioner filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas by a person in state custody. ECF No. 1. The Petitioner was sentenced to life imprisonment without mercy for his first degree murder conviction in the Circuit Court of

Mineral County, West Virginia. In his petition, the Petitioner asserts seven grounds for relief, alleging his rights to due process and equal protection and his right to a fair trial were violated. In ground one, the Petitioner alleges DNA evidence proves he did not commit the crime for which he was convicted. He further asserts "Serologist Myers falsified evidence and committed misconduct" in his criminal trial. Id. at 5. In ground two, the Petitioner asserts his state court petition was not heard for ten years, clearly violating his rights. In ground three, the Petitioner asserts his state court petition was dismissed without DNA testing being performed. In ground four, the Petitioner asserts physical evidence and statements he made were admitted at trial in violation of his rights. In ground five, the Petitioner asserts the "trial court erred in permitt[ing] the prosecutor to improperly inform the jury that the Petitioner had exercised his privilege against self-incrimination." ECF No. 1-1 at 1. In ground six, the Petitioner asserts he was denied effective assistance of counsel. In ground seven, the Petitioner asserts "that the trial court failed to instruct the jury on all the essential elements of 1st degree murder." Id. The Petitioner requests the Court reverse his conviction and release him from state custody.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v.

Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of the Petitioner being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The R&R was mailed to the Petitioner by certified mail on July 18, 2019. ECF No. 17. The Petitioner accepted service on July 22, 2019. ECF No. 19. The Petitioner filed his objections to Magistrate Judge Trumble's R&R on August 5, 2019. ECF No. 20. Having timely filed his objections, this Court will review the Petitioner's objections to the R&R *de novo*. The Court will review the remainder of the R&R for clear error.

### III. DISCUSSION

Magistrate Judge Trumble recommends denying and dismissing the petition with prejudice because the Petitioner has not established that he is entitled to relief pursuant to 28 U.S.C. § 2254(d). Specifically, Magistrate Judge Trumble found the Petitioner has failed to demonstrate that the decision of the state court is contrary to, or involves an unreasonable application of, clearly established federal law as determined by the Supreme Court. Moreover, the Petitioner has failed to demonstrate that the state court's adjudication resulted in a decision based on an unreasonable determination of the facts.

In his first objection, the Petitioner argues that he was never provided an opportunity to make factual and legal arguments in support of his claims. The Petitioner has had ample opportunity to present factual and legal arguments in support of his claims. The Petitioner should have included facts supporting his claims in his petition. He could have also filed a memorandum supporting his claims, requested to amend his petition, if

necessary, or included his factual and legal arguments in his objections. The Court does not find any basis to allow the Petitioner to move forward with his claims when it is clear, after a review of his grounds for relief, that he has not established he is entitled to relief pursuant to 28 U.S.C. § 2254(d). Accordingly, the Petitioner's objection is without merit and is hereby **OVERRULED**.

In his second objection, the Petitioner argues his petition should not be dismissed without the Court reviewing the state court transcripts. Magistrate Judge Trumble, as well as this Court, reviewed the state court documents it deemed necessary to review. If the Petitioner believed he needed to include factual arguments by citing the language in the state court transcripts, there was nothing preventing him from doing so himself. Accordingly, the Petitioner's objection is without merit and is hereby **OVERRULED**.

In his third objection, the Petitioner objects to Magistrate Judge Trumble's finding that his claim in ground one is not based on federal law or federal constitutional requirements. The Petitioner argues his claim is based on federal constitutional requirements because his rights to due process and equal protection of the law have been violated. The Petitioner cites to Hicks v. Oklahoma, 447 U.S. 343, 346 (1980) and Napue v. Illinois, 360 U.S. 264, 269 (1959) to support his claim. The Petitioner overlooks the fact that he has not provided any evidence that the serological evidence in his case was false and he has not shown that any other result would have occurred because of the other evidence presented in his trial. Accordingly, his objection is without merit and is hereby **OVERRULED**.

In his fourth objection, the Petitioner objects to Magistrate Judge Trumble's determination on his ground two claim for the same reason he asserts in his first objection.

4

As stated above, the Petitioner has had ample opportunity to present facts supporting his claims to the Court. Accordingly, the Petitioner's claim is without merit, and is hereby **OVERRULED**.

In his fifth objection, the Petitioner objects to Magistrate Judge Trumble's finding on his claim in ground four, arguing that the trial court's determinations were contrary to clearly established federal law and were based on unreasonable factual determinations. The Petitioner relies on Dunaway v. New York, 442 U.S. 200 (1979) and Florida v. Royer, 460 U.S. 491 (1982) to argue there was "no warrant, no probable cause at the time, and no consent, [and] said seizure was indeed unlawful." ECF No. 20 at 8. The West Virginia Supreme Court of Appeals considered the Petitioner's claim on direct appeal, finding he voluntarily turned over his clothing and he was properly Mirandized before making statements or answering any questions. The Court does not find the Petitioner's claim is appropriate for a habeas petition. The West Virginia Supreme Court of Appeals' decision was not contrary to clearly established law, and the court did not misapply clearly established federal law. The West Virginia Supreme Court of Appeals' decision was also not based on an unreasonable determination of the facts. Accordingly, the Petitioner's objection is without merit, and is hereby **OVERRULED**.

In his sixth objection, the Petitioner argues he can establish plain error for his claim in ground five. The Petitioner provides:

> (1) the error or defect in his case has not been intentionally abandoned, as he has pursued relief for this error in his direct appeal, in his state habeas petition, in his state habeas appeal, and now in his federal habeas petition; (2) the error is clear and obvious, as a post-*Miranda* silence violation is one of the most egregious errors committed during the course of a trial; (3) the error has affected his substantial rights, as it is a federal Constitutional violation which prejudiced his chances of an acquittal at trial; and (4) the error has, of course, seriously affected the fairness, integrity, and public

> reputation of the judicial proceedings, as Petitioner has been wrongfully and unlawfully convicted based, in part, on the prosecutor's improper use of this post-*Miranda* silence.

ECF No. 20 at 9. The Petitioner further objects to Magistrate Judge Trumble's reliance on Lockett v. Ohio, 438 U.S. 586, 594-95 (1978). The Court finds the Petitioner has failed to set forth evidence supporting his argument that the prosecutor's reference to his failure to provide a statement of his whereabouts affected his substantial rights such that it affected the outcome of his proceeding. Accordingly, the Petitioner's objection is without merit, and is hereby **OVERRULED**.

In his seventh objection, the Petitioner requests he be given an opportunity to adequately brief his claim in ground six because he can meet the standard set forth in Strickland. If the Petitioner believed he could meet the standard, he could have done so when objecting to Magistrate Judge Trumble's R&R. Accordingly, the Petitioner's objection is without merit and is hereby **OVERRULED**.

In his eighth objection, the Petitioner requests he be given an opportunity to adequately brief his claim in ground seven because he can show the trial court failed to instruct the jury on all the essential elements of his charge. If the Petitioner wanted to present additional evidence to the Court, he had ample opportunity to do so in his initial petition, in a request to amend his petition, if necessary, or in his objections to Magistrate Judge Trumble's R&R. He has failed to do so. Accordingly, the Petitioner's objection is without merit and is hereby **OVERRULED**.

## IV. CONCLUSION

Accordingly, upon careful review of the R&R and the Petitioner's objections, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation

[ECF No. 17] should be, and is hereby, **ORDERED ADOPTED** for the reasons more fully stated therein. The Petitioner's § 2254 Petition [ECF No. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the Petitioner a Certificate of Appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

This matter is **ORDERED STRICKEN** from the Court's active docket. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** April 14, 2020

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE